# 8133

NO.8133.

WIDOW CHAS. J. PAYNE

VS

JOSEPH LEE RHODES.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

*2go 21 a 714*

Court of Appeal
PARISH OF ORLEANS
FILED DEC 12/07
Stansbury

# 8133

# OPINION.

By his Honor John St. Paul.

Plaintiff sues for three months rent, which she paid and now seeks to recover from defendant upon an agreement whereby he was to take over her lease on certain premises and pay the rent in her place and stead. The evidence shows that plaintiff herself was only a sub-lessee, who had subleased from the tenant in chief, with the consent of the landlord; the original lease containing a stipulation by which said tenant in chief was not to sublease without the landlord's consent. As the tenant in chief had no right to sublease, it is clear that his own sublessee has in turn no such right; for no one can transfer to another any greater right than he himself has. As the landlord refused to sanction the sublease between plaintiff and defendant it follows that plaintiff was not in position to deliver possession of the leased premises and hence could not carry out her part of the agreement. Hence defendant is discharged from his obligations thereunder.

## II.

Plaintiff further sues for certain sums at the rate of $5 per day, being liquidated damages for failure to complete and deliver a certain building by a certain day. There is

neither allegation or proof that defendant was ever put in default, and under the jurisprudence of the Supreme Court, as well as that of _this_ court (before the advent of the present writer thereon), failure to complete a building by a given day is a _passive_ breach of contract, for which damages (even though liquidated) cannot be recovered until after a formal putting in default. Godéhaux vs Hyde, 126 La 187; People's Homestead vs Staub, 3 Orleans Appeals 93.

For the present we hold ourselves bound by this jurisprudence. But, speaking for himself, the writer considered those two cases erroneously decided, and that they should be overruled. For it has been held repeatedly that actual delivery of defective machinery or buildings was an _active_ breach of the contract, rendering a formal putting in default unnecessary. See Cable vs Leeds, 6 An 2931; Levy vs Schwartz, 24 An 209; Burt vs Laplace, 46 An 722; Payne vs Joubert vs Kent Lumber Co, 110 La 750.

And it is inconceivable that one who makes no attempt whatever to deliver a building or other construction, when _in fact_ he is not in a position to do so because it is incomplete or defective, can be in any better position- Indeed it has repeatedly been held that no putting in default

148

is necessary when it is clear that it would be a vain and useless thing to do "Lex neminem cogit ad vana sen inutilia peragenda ." See Robelot vs Gentilly Terrace Co, 10 Orleans Appeals 237, and Milam-Morgan Co vs Atlantic Fruit Co, 12 Orleans Appeals 306; and the authorities therein cited. But we are not in a position to overrule the two cases first above cited and hence must follow them for the present.

The judgment appealed from is therefore affirmed.